## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH
## CIVIL ACTION NO. 5:15CV-P190-GNS

**HAMILTON RALPH HODGES JR.**                                              **PLAINTIFF**

**v.**

**RICKY PARNELL** *et al.*                                                 **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Hamilton Ralph Hodges Jr. filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss Plaintiff's claims upon initial screening.

### I.

Plaintiff was a convicted inmate at the Graves County Jail at the time he filed the complaint. His claims concern his previous incarceration at the Fulton County Jail (FCJ). He sues Ricky Parnell, the FCJ Jailer; Daniel Thomas, whom Plaintiff identifies as a Captain at the FCJ; and Advance Correctional Healthcare (ACH). He sues Defendants in their official capacity only.

Plaintiff states that Defendant Parnell "allowed me access to the keys of his vehical knowingly having an loaded hand gun in the vehical and other vehicals that he own." He further states the following:

> Appr. 6-5-15 – 6-12-15 I washed and droved [Defendant Parnell's] cars with (some) loaded hand guns. I'm an convicted felon and should not be around a fire arm and I'm not an valid driver licences holder so I should be not driving cars regardless if I'm job tittle as car washer (my job). Negligence of the law and unhealthy & unsafe environment for me & others.

Plaintiff next contends that on June 9, 2015, Defendant Thomas "had me washing & fixing personal cars (his personal truck) knowingly it is clear voilation of the D.O.C. rules & regulations for me to do so. Negligence & slavery."

Plaintiff asserts that Defendant ACH "was informed by me that I am mentally ill and in need of phyc. meds. I was feeling perinoid, agitated and couldn't sleep cause of me being bipolar and the stress of the job I was assigned with circumstances []firearms & loaded hand guns, that I was in need of meds." He states that he was "told that I did not need no Meds. I explained that every White Inmate in my dorm who was mentally ill according S.S.I. was receiving pyc. meds so I felt like I was being treated unfair." He asserts that the response he was given was "'you're being rude.'" He states, "This was appr. 7-3-15 I was transferred the next day."

Plaintiff further alleges that Defendant Parnell violated the Universal Declaration of Human Rights Articles 20, 2, and 307; that Defendant Thomas violated Article 4; and that Defendant ACH violated Articles 1, 2, and 7. As relief, Plaintiff seeks compensatory and punitive damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful

strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

#### A. *Universal Declaration of Human Rights*

Plaintiff claims that Defendants violated various articles of the Universal Declaration of Human Rights. However, the Universal Declaration of Human Rights is not a treaty or international agreement that imposes legal obligations. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004) ("[T]he Declaration does not of its own force impose obligations as a matter of international law."). Rather, it is a statement of principles aimed at providing a common standard for international human rights. *Id*. at 734-35. Because it is not enforceable in American courts, Plaintiff's claims alleging violations of the Universal Declaration of Human Rights will be dismissed.

#### B. *42 U.S.C. § 1983*

##### 1. *Defendants Parnell and Thomas*

The Court will next examine Plaintiff's claims under 42 U.S.C. § 1983. Plaintiff sues Defendants Parnell and Thomas in their official capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Suing employees in their official capacities is the equivalent of suing their employer, in this case Fulton County. *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality

is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The Court will first address Plaintiff's claims under the first factor.

The Court will construe the allegations against Defendants Parnell as a failure-to-protect claim under the Eighth Amendment. Under the Eighth Amendment, prison officials "must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). A viable Eighth Amendment claim must satisfy both an objective component and a subjective component. *Id.* at 834; *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). The objective component requires that the deprivation be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *see also Hudson v. McMillian*, 503 U.S. 1 (1992). An inmate must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer v. Brennan*, 511 U.S. at 834, or that he was deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The subjective component requires the defendant to act with "deliberate indifference" to a prisoner's health or safety. *Wilson v. Seiter*, 501 U.S. at 302-03. "'[A]cting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" *Street*, 102 F.3d at 815 (quoting *Farmer v. Brennan*, 511 U.S. at 836). "Implicit in this standard is the recognition that the plaintiff must allege that he has suffered or is threatened with suffering actual harm as a result of the defendants' acts or omissions before he can make any claim with an arguable basis in Eighth Amendment jurisprudence." *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998).

Additionally, the law has long been that "a violation of a federally secured right is remediable in damages only upon proof that the violation proximately caused injury." *Horn by*

*Parks v. Madison Cty. Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994); *see also Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305-08 (1986). In addition to the legal requirement of an "injury" in case law historically, Congress acted to further limit prisoner suits to only a specific kind of injury. Under the Prison Litigation Reform Act, lawsuits brought by institutionalized persons requires a "physical" injury in order to permit recovery: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Moreover, in interpreting this statute, courts have required that the injury be more than *de minimis*. *See, e.g.*, *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997).

Plaintiff alleges that Defendant Parnell allowed him access to his vehicle, which carried a loaded gun. However, Plaintiff does not allege any physical injury as a result. While Plaintiff claims that he was paranoid and agitated as result of having access to the vehicle, recovery for this emotional injury is not permitted since Plaintiff has alleged no physical injury. *See* § 1997e(e). Therefore, Plaintiff's claims fail to state a constitutional violation in regards to Defendant Parnell, and the official-capacity claim against him will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff alleges that Defendant Thomas had Plaintiff wash and "fix" his personal vehicle even though it was against Kentucky Department of Corrections rules. Again, Plaintiff alleges no injury from this alleged conduct, which is fatal to his constitutional claim. Moreover, the failure of prison officials to follow institutional procedures or policies does not give rise to a constitutional claim. *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 578 (6th Cir. 2004) ("[S]tate law, by itself, cannot be the basis for a federal constitutional violation."); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995) (rejecting

inmate's argument that prison failed to follow Michigan prison regulations in putting him in segregation). Therefore, Plaintiff fails to state a constitutional violation against Defendant Thomas, and the official-capacity claim against him will also be dismissed for failure to state a claim.

### 2. *Defendant ACH*

Plaintiff sues Defendant ACH alleging that it failed to give him needed psychiatric medications. The Sixth Circuit has held that the analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation such as ACH.[1] *See Street v. Corr. Corp. of Am.*, 102 F.3d at 818 ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.") (citing *Monell*, 436 U.S. at 691). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Id*. Thus, liability of a contracted private entity must be based on a policy or custom of the entity. *Street v. Corr. Corp. of Am.*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

To state a claim, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy."

---

[1] "It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)).

*Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges no policy or custom on the part of Defendant ACH which caused the alleged denial of psychiatric treatment. The complaint alleges an isolated occurrence affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Accordingly, Plaintiff's claim for denial of psychiatric treatment against Defendant ACH will be dismissed for failure to state a claim upon which relief may be granted.

Moreover, to the extent Plaintiff alleges that the white inmates in his dorm who were mentally ill were receiving psychiatric medication and he was not, this one-sentence allegation is wholly conclusory and does not contain sufficient factual support to survive initial screening. *See Iqbal*, 556 U.S. at 678. Therefore, any claim by Plaintiff of unfair treatment based on his race will be dismissed for failure to state a claim.

### C. State-law Claims

Finally, to the extent Plaintiff sues Defendants for negligence, a negligence claim is a state-law claim. Under 28 U.S.C. § 1367(c)(3), "the district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." Having determined that the federal claims, which provide the

8

jurisdictional basis of this suit, should be dismissed, this Court declines to exercise supplemental jurisdiction over any remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). The state-law claims will be dismissed without prejudice.

For the foregoing reasons, the Court will enter a separate Order of dismissal.

Date: March 31, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
Defendants
Fulton County Attorney
4416.010